## ENGH V. GREENBAUM.

*Agency — when principal liable for unauthorized acts of agent.*

Defendants, a firm of bankers, authorized S., who did business in another place, to draw upon their correspondents in Europe, upon their account, agreeing to protect such drafts upon receiving from S. sufficient funds for that purpose. S. sold several drafts drawn in that way to plaintiff, which were paid by defendants' directions. *Held*, that defendants were liable for subsequent drafts of the same kind made by S. and sold to plaintiff, although S. did not furnish defendants funds to cover them.

APPEAL from a judgment in favor of plaintiff entered upon a verdict rendered by direction of the court and from an order deny-

ing a new trial. The action was brought in Kings county by John A. Engh against Henry Greenbaum and David S. Greenbaum, to recover the amount of two drafts drawn on a house in Norway by one Swanstrom, alleged to be defendants' agent in Brooklyn.

The defendants are bankers, having a place of business in New York city, and do business under the firm name of Greenbaum Brothers & Co., and sell bills of exchange on Christiana, in Norway, and on other places in various countries to those wishing to purchase. Swanstrom, from whom the drafts in question had been purchased, had been authorized by defendants to draw his own drafts upon the correspondents of defendants in Europe and to use therefor certain printed blanks furnished by defendants of this form:

"Exchange for ...................., 187 .
..............
On demand of this first of exchange (second unpaid) pay to the order of ......................................value received, and charge the same to the account of G. B. & Co., as per advice from them.

Your obed't serv'ts,
No. ........ ........................"

The defendants also furnished Swanstrom with printed instructions containing the following: "Instructions to correspondents for the sale of foreign exchange." "Banks, bankers and firms in the United States who remit money to Europe through us draw their own drafts on our correspondents abroad, as per annexed list, and report to us promptly the number and date of their drafts, on whom, in whose favor, and for what amount they have drawn, by simply filling out the *Agents Advice*, annexed to the blanks furnished them by us. Such drafts are to be covered with us in funds par at New York, and will then be duly advised for protection by our regular advices to Europe."

Swanstrom did business on his own account in Brooklyn, and plaintiff had, on several occasions, previous to the purchase of the drafts in question, purchased drafts of a similar character made by Swanstrom upon the blanks furnished by defendants, and these drafts had been paid by the correspondents of defendants on whom they were drawn. Evidence was introduced showing that Swans-

trom was allowed by defendants a commission for selling these drafts. The drafts in question, which were drawn upon the printed form mentioned, were not paid, and it was shown that the reason for their non-payment was that Swanstrom had not paid the amount represented by them to defendants. Evidence was also given on the part of plaintiff to show that Swanstrom held himself forth as selling these drafts for defendants, and that defendants had admitted that he had been their agent, but one of the defendants testified that Swanstrom had only authority to draw on certain conditions. Upon the motion of counsel a verdict was directed for plaintiff. From an order denying a new trial and from the judgment entered upon the verdict, defendants appealed.

*H. Morrison,* for appellants. The draft indicated no agency, and defendants cannot be held thereon. 2 Kent's Com. 632 ; *Addison* v. *Gandassequi,* 4 Taunt. 574 ; Chit. on Cont. 224. The agency was at most limited and special, and if not pursued strictly did not bind defendants as principals. *Tradesmen's Bank* v. *Astor,* 11 Wend. 87 ; *Rossiter* v. *Rossiter,* 8 id. 494 ; *Beals* v. *Allen,* 18 Johns. 363 ; *Scott* v. *McGrath,* 7 Barb. 54 ; *Munn* v. *Commission Co.,* 15 Johns. 44 ; *Faur* v. *Harrison,* 3 Tenn. 757 ; *Whitehead* v. *Tuckett,* 15 East, 400 ; *Batty* v. *Carswell,* 2 Johns. 48 ; *Gibson* v. *Colt,* 7 id. 390 ; *East India Co.* v. *Hensley,* 1 Esp. 111.

*Robert Johnstone,* for respondent.

BARNARD, P. J. The defendants are bankers. They sell drafts payable in the various countries of Europe. They employed one Swanstrom to act as their agent in selling such drafts in the city of Brooklyn, paying him one and one-half per cent on the sale of each draft. By the printed instructions given him at the time of his employment he was directed to draw his own drafts on defendants' correspondents abroad, and report promptly the number and date of the draft, and on whom, and in whose favor, and for what amount drawn. Lists of persons on whom drafts might be drawn in different countries were given in the instructions, and by those instructions "Such drafts are to be covered with us in funds par in New York, and will then be duly advised for protection by our regular advices to Europe." The defendant furnished these drafts to Swanstrom, and he sold a number of them to plaintiff which were regularly paid. The draft in question was not paid. The

agent did not, in this instance, cover the draft, but applied the money received from plaintiff to his own use.

I think the defendants are liable upon it. Swanstrom did what he was employed to do. He sold drafts payable by defendants drawing on their agents as he was authorized to do, in his own name. He received plaintiff's money, with full power from defendants. As between defendants and Swanstrom he was bound to pay the money to defendants; but his failure to do this did not affect the plaintiff's rights. He could not know of the instructions given by defendants to their agent. If he did, the requirement by the defendants of their agent to pay the price of draft to them, is no more than the law would exact in the absence of any written directions.

The defendants cannot authorize a sale of their drafts, and make their validity depend upon the fact, whether the agent pays them the money received for them, in the absence of knowledge of such a condition by the purchasers. The judgment should be affirmed, with costs.

*Judgment affirmed.*